James T. Conley CA Bar No. 224174
james.conley@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:     916-840-3159

Attorneys for Defendant WALMART INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY BETH CRENSHAW, an individual | Case No. |
| Plaintiff, | **DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441(B), AND 1446** |
| v. | |
| WALMART INC., a Corporation Doing Business in California and DOES 1 through 100, inclusive; | *[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Notice of Party with Financial Interest; and Declaration of James T. Conley]* |
| Defendant. | |
| | Superior Court of the State of California County of Placer |
| | Case No.        SCV0052928 |
| | Action Filed:  May 31, 2024 |
| | Trial Date:    None set |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT that Defendant WALMART INC. ("Walmart" or "Defendant") by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Placer to the United States District Court for the Eastern District of California pursuant to United States Code, Title 28, Sections 1332, 1441(b), and 1446. Removal is proper on the grounds that: (1) there is complete diversity of citizenship between the parties as Plaintiff AMY BETH CRENSHAW ("Plaintiff" or "Ms. Crenshaw") is a citizen of the State of California and the properly named Defendant is a citizen of the State of Delaware and / or the State of Arkansas; (2) the amount in controversy exceeds the jurisdictional minimum of more than $75,000 set forth in Section 1332(a); and (3) the foregoing facts were true when Ms. Crenshaw filed this action and remain true as of the date of the filing of this Notice of Removal.

## I.     THE STATE COURT ACTION

1.     On May 31, 2024, Ms. Crenshaw filed a Complaint for Damages entitled *"Amy Beth Crenshaw, an individual vs. Walmart Inc., a Corporation Doing Business in California and DOES 1 through 100, inclusive"* ("Complaint") in the Superior Court of the State of California for the County of Placer, Case Number SCV0052928. A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2.     On June 18, 2024, Ms. Crenshaw served Defendant with a copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference attached hereto as **Exhibit B**.

3.     On July 17, 2024, Defendant filed its Answer to Ms. Crenshaw's Complaint. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C.**

## II.     REMOVAL IS TIMELY

4.     A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise,

of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (holding that a defendant's time to remove is triggered by formal service of the summons and complaint).

5.     The July 18, 2024 removal is timely because it occurred within thirty days of Defendant's June 18, 2024, service date.

### III.     COMPLETE DIVERSITY EXISTS BETWEEN PARTIES

6.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 on diversity grounds. Therefore, Defendant may remove this action to this Court pursuant to 28 U.S.C. § 1441.

7.     Original jurisdiction exists because Ms. Crenshaw and all properly named defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8.     **Ms. Crenshaw is a Citizen of California**: Ms. Crenshaw is a resident of the State of California. **Exhibit A**, Complaint, ¶ 1. For diversity purposes, a person is a citizen of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Given her residency, Ms. Crenshaw is domiciled in and a citizen of the State of California.

9.     **Walmart is Not a Citizen of California**: Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the principal place of business, as contained in Section 1332(c), is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

"maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

10. **Walmart is a Citizen of The State of Delaware and /or The State of Arkansas**: Walmart is, and was at the time of filing this action, a citizen of a state other than California within the meaning of meaning of United States Code, Title 28, Section 1332(c)(1). Specifically, at the time this action was commenced, Walmart was, and is currently, incorporated under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. *See Cesena v. Wal-Mart Assocs., Inc.*, No. CV 16-2388-R, 2016 WL 3353931, at *2 (C.D. Cal. June 8, 2016) ("Defendant Walmart, which is incorporated in Delaware and has its principal place of business in Arkansas"); *Elliot v. Wal-Mart Stores, Inc.*, No. 1:09-CV-1420-OWW-GSA, 2009 WL 4253973, at *1 (E.D. Cal. Nov. 24, 2009), report and recommendation adopted, No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) ("Defendant [Wal-Mart] is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.")

11. Walmart is a citizen of the State of Delaware and / or the State of Arkansas for the purpose of determining diversity jurisdiction.

12. **"Doe" Defendant Citizenship**: "For purposes of removal…the citizenship of defendants sued under fictitious names should be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Ms. Crenshaw's inclusion of "Does 1 through 100" in the Complaint cannot defeat diversity jurisdiction.

## IV.   THE JURISDICTIONAL MINIMUM IS EASILY MET

13. This Court's jurisdictional minimum of an amount in controversy of more than $75,000 is and was satisfied at the time this action was filed, as explained below.

14. As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d

564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Removal is proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Ms. Crenshaw's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

15.     "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). To meet this relatively low burden regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own numbers" for "purposes of analyzing the amount in controversy").

16.     **Alleged Economic Damages**: In her Complaint, Ms. Crenshaw seeks damages for her alleged *continued* "substantial loss of earnings and other employment benefits". **Exhibit A**, Complaint, ¶¶ 24, 31, 40, 46 and Prayer for Relief ¶ ¶ 1, 6. Assuming that Ms. Crenshaw has not yet secured new employment, she puts at issue nearly seven (7) months of lost income since her termination on January 15, 2024. **Exhibit A**, Complaint, ¶ 18. Assuming this case goes to trial in 68.9 months, Ms. Crenshaw's claim for lost income will seek approximately 75.9 months (over six years) of past wages and benefits. *See U.S. District Courts – Time Intervals from Filing Date to Beginning Date for Completed Civil Trials, by District, During the 12 – Month Period Ending March 31, 2024 for the Eastern District of California, accessible at https://www.uscourts.gov/statistics/table/t-3/federal-judicial-caseload-statistics/2024/03/31* (last accessed on July 17, 2024).  Records indicate that Ms. Crenshaw earned $ 17.00 per hour as a full

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

time employee at the time of her termination. Ms. Crenshaw alleges that she worked eight (8) hour shifts prior to taking medical leave. **Exhibit A**, Complaint, ¶ 15. Thus, Ms. Crenshaw earned approximately $2,720 per month as a full – time employee earning $17.00 per hour. *See* Declaration of James T. Conley ("Conley Decl."), at ¶ 3.  As of the date of removal, Ms. Crenshaw's claim for lost income is approximately $19,040.00. If Ms. Crenshaw has not found new employment at the time of trial, Ms. Crenshaw's claim for lost income alone will be approximately $206,448.000 ($2,720 per month x 75.9 months). (Conley Decl., ¶ 3).

17.    **Alleged Non-Economic Damages**: Ms. Crenshaw further alleges that she has suffered and continues to suffer, "humiliation, emotional distress, and mental and physical pain and anguish". **Exhibit A,** Complaint, ¶¶ 25, 32, 41, 47, Prayer for Relief ¶¶ 2, 5. A review of jury verdicts in California demonstrates that emotional distress awards in wrongful discharge cases commonly exceed $75,000. *See, e.g., Cosby v. Autozone, Inc.*, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability); *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles County Superior Court) (award of $200,000 in non-economic damages to employee terminated in part based on age); *Tiegs v. Bank of America*, 2004 WL 903847 (Orange County Superior Court) (jury award of more than $3,00,000 to 50 year old bank employee terminated because of age); *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Superior Court) (award of $2,087,500 pain and suffering damages awarded to doctor alleging discrimination and wrongful discharge). Therefore, Ms. Crenshaw's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

18.    **Punitive Damages**: Ms. Crenshaw seeks punitive damages. **Exhibit A,** Complaint, ¶¶ 27, 34, 48,  Prayer for Relief, ¶ 10. This amount alone well exceeds the $75,000 statutory minimum. Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Moreover, "[t]he fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases." *Id.* The court in *Simmons* relied on jury

verdicts from several cases to establish the probable award of punitive damages, including punitive damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857, 2001 WL 1808527 (Jan. 1, 2001)) and $40,000,000 (*Lane v. Hughes Aircraft Co.,* JVR No. 801112, 1995 WL 17078750 (Jul. 1, 1995)). *Id.* As in *Simmons*, Ms. Crenshaw is alleging employment discrimination. Thus, the jury verdicts that supported a finding of the requisite amount in controversy in *Simmons* support such a finding here. Nevertheless, as mentioned, "the Court need not determine whether the cases Defendant cites are sufficiently factually analogous, and need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on her Complaint." *Mejia v. Parker Hannifin Corporation*, 2018 WL 582325, at *5, (C.D. Cal., Jan. 26, 2018, No. CV178477MWFRAOX).

19. **Attorneys' Fees**: Ms. Crenshaw seeks attorneys' fees. **Exhibit A**, Complaint, ¶¶ 27,33,42, 49, Prayer for Relief, ¶ 9. Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy. *See Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory). Recently, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience*). See Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages). Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately Defendant will move for summary judgment. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees. Therefore, if Ms. Crenshaw is successful on her claims, she could be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

20.    Ms. Crenshaw's claims for economic damages, non-economic damages, punitive damages and attorneys' fees establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

**V.    VENUE**

21.    Venue lies in this court because Ms. Crenshaw's action is pending in this district and division. See 28 U.S.C. § 1441(a). Under United States Code, Title 28, Section 1441(a), this case may properly be removed to the Eastern District of California because Ms. Crenshaw filed this case in the Superior Court of The State of California, County of Placer. Additionally, Defendant is informed and believes that the events allegedly giving rise to this action occurred within this judicial district.

**VI.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. §1446**

22.    In accordance with United States Code, Title 28 Section 1446(a), Exhibits A-C constitute a copy of all processes, pleadings, and orders either served upon or by Defendant. As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Defendant was served with Ms. Crenshaw's Complaint. As required by United States Code, Title 28, Section 1446(d), Defendants will provide notice of this removal to Ms. Crenshaw through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Placer.

**VII.    CONCLUSION**

23.    Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

///

///

///

///

///

///

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

24.    In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  July 18, 2024                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


                                         By:  /s/ James T. Conley
                                              James T. Conley
                                              Attorneys for Defendant WALMART INC.

8

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT